**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4768-16T1

MICHELE SCHWAB,

    Plaintiff-Appellant,

v.

WOODBRIDGE TOWNSHIP SCHOOL
DISTRICT BOARD OF EDUCATION,
MIDDLESEX COUNTY,

    Defendant-Respondent.

_____

Argued April 24, 2018 — Decided June 15, 2018

Before Judges Yannotti and DeAlmeida.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No. L-
1068-17.

Edward A. Cridge argued the cause for
appellant (Mellk O'Neill, attorneys; Edward A.
Cridge, of counsel and on the brief).

Ari D. Schneider argued the cause for
respondent (The Busch Law Group LLC,
attorneys; Ari D. Schneider, of counsel and
on the brief).

PER CURIAM

Plaintiff Michele Schwab appeals from an order entered by the Law Division on May 26, 2017, denying her motion to vacate an arbitration award that upheld the termination of her employment by defendant Woodbridge Township Board of Education (Board). We affirm.

This appeal arises from the following facts. On February 7, 2015, plaintiff entered a Sears at the Woodbridge Center Mall where loss prevention agents observed her placing a hat and hooded sweatshirt into her purse. After plaintiff exited the store, a store employee stopped plaintiff and asked her to return to the store and discuss the merchandise the employee believed she had stolen. When confronted with surveillance footage, plaintiff admitted in writing to removing store merchandise without payment.

During the meeting with plaintiff, the Sears asset protection manager referred the matter to the Woodbridge Township police. The police subsequently arrested plaintiff and filed a criminal complaint against her in the municipal court. The court later dismissed the complaint when the Sears employee failed to appear and testify against plaintiff.

The Board learned of plaintiff's arrest on March 3, 2015, when Dr. Robert Zega, Superintendent of Schools for Woodbridge Township's School District (District), received a letter from plaintiff's attorney. Dr. Zega had been unaware of plaintiff's

arrest. After he received the letter, Dr. Zega scheduled a meeting with the District's director of personnel, plaintiff, and her union representative. At the meeting, which took place on March 4, 2015, plaintiff admitted she had been arrested for shoplifting. Dr. Zega suspended plaintiff with pay pending investigation of the incident.

Several months later, Dr. Zega lifted the suspension after he learned that the municipal court had dismissed the criminal charges against plaintiff. At the arbitration hearing, Dr. Zega explained that he was "hoping that this was a one-time incident" and "wanted to be compassionate to [plaintiff] and return her to the classroom."

On March 5, 2016, plaintiff entered a store in Beach Haven, where she picked up a picture frame valued at $60, "placed it in her purse and left the store without paying for the item." The store's owner was unaware that plaintiff had taken the picture frame. However, after later discovering that the frame was missing, the store's owner viewed the surveillance footage, and posted the footage on the social media website "Facebook" in an effort to identify the individual responsible. The video was viewed approximately 47,000 times, and at least one of plaintiff's fourth-grade students saw the video.

After another teacher at plaintiff's school brought the video to the attention of the school's principal, the principal viewed the video. Plaintiff was identified as the person who took the picture frame from the Beach Haven store. She was arrested by Beach Haven police and charged with shoplifting. During a court proceeding on May 2, 2016, plaintiff applied for admission to the conditional dismissal program. N.J.S.A. 2C:43-13.1 to -13.9. Entry into this program requires a guilty plea. N.J.S.A. 2C:43-13.1(a). Plaintiff pled guilty and she was admitted to the program.

On April 25, 2016, Dr. Zega filed tenure charges against plaintiff, with several counts of unbecoming conduct and/or other just cause for disciplinary action based upon: (1) theft/shoplifting (two counts); (2) the failure to report her arrest; (3) violations of district policies; and (4) a pattern of unbecoming conduct, insubordination and/or other just cause over a substantial period of time. On April 28, 2016, the Board considered the tenure charges. The Board voted unanimously to suspend plaintiff without pay and to certify the charges to the Commissioner of Education (Commissioner).

On April 29, 2016, the Board transmitted the tenure charges to the Commissioner. On May 13, 2016, plaintiff filed an answer with the Commissioner, seeking dismissal of the charges and her reinstatement with back pay. Thereafter, the Commissioner

4

transmitted the tenure charges to an arbitrator for a hearing pursuant to N.J.S.A. 18A:6-16.

The arbitrator conducted evidentiary hearings on August 20, September 7, and October 4, 2016. At the hearings, the District presented testimony from Dr. Vega, the principal of plaintiff's school, and the Sears asset protection manager. Plaintiff also testified and called two expert witnesses in psychiatry who discussed her mental health history. The parties also submitted documentary evidence.

Plaintiff's principal testified that due to the public nature of the shoplifting incident, she received eight calls from parents expressing their concern. She further testified that the students in the school's two fourth-grade classes became aware of the video posted on Facebook. She explained that she had assigned the school's guidance counselor to provide lessons to the fourth-grade students to instruct them in positive behavior and assist them in distinguishing between rumor and fact.

On January 5, 2017, the arbitrator issued his opinion on the charges. The arbitrator noted that plaintiff had admitted she engaged in the conduct that resulted in her arrests in February 2015 and March 2016, and that her conduct was illegal and inappropriate. She also conceded her conduct had a harmful impact upon the District and constituted a breach of her trust as a

teacher. Plaintiff argued, however, that she remained fit to continue as a teacher in the school. She also asserted that her mental health issues and the change in her medication were contributing factors in her conduct. She argued that her removal was draconian and not warranted by the circumstances.

The arbitrator found, however, that plaintiff had violated her duty to report her first arrest, and that she had engaged in unbecoming conduct that affected the proper operation of the school. The arbitrator found that the Board had "met its burden to establish that [plaintiff] engaged in the conduct alleged and that it had just cause to discipline [her]." The arbitrator found that removal was the appropriate penalty.

On February 21, 2017, plaintiff filed a complaint and Order to Show Cause in the Law Division seeking an order vacating the arbitration award. Plaintiff alleged the arbitrator failed to review the matter de novo and improperly applied an abuse-of-discretion standard.

On May 26, 2017, the judge issued his decision, stating "there were distinct findings by the arbitrator sustaining the unavoidable conclusion that [plaintiff] engaged in the unbecoming conduct." The judge explained that

> [t]he language of the arbitrator's decision upon which plaintiff relies in support of the assertion that the arbitrator applied the

lesser standard of abuse of discretion in reaching his conclusion . . . is contravened by the extensive narrative addressing the plaintiff's unbecoming conduct, and that specific language . . . relied upon by the plaintiff this [c]ourt finds to be . . . not more than dicta.

Accordingly, the judge denied plaintiff's application to vacate the arbitrator's award and entered the order dated May 26, 2017, memorializing his determination. This appeal followed.

On appeal, plaintiff argues that the trial court erred by refusing to vacate the arbitration award. We disagree.

"Judicial review of an arbitration award is very limited." Bound Brook Bd. of Ed. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010)). "An arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action." Ibid. (quoting Kearny PBA Local # 21 v. Town of Kearny, 81 N.J. 208, 221 (1979)).

N.J.S.A. 18A:6-10 provides that a tenured public school employee may not be "dismissed or reduced in compensation . . . except for inefficiency, incapacity, unbecoming conduct, or other just cause." The school board must find that charges are substantiated and refer them to the Commissioner. N.J.S.A. 18A:6-

11. If the Commissioner finds the charges have merit, the matter is referred to an arbitrator for decision. N.J.S.A. 18A:6-16.

The arbitrator's decision is "final and binding," but is subject to judicial review. N.J.S.A. 18A:6-17.1(e). The award may only be set aside:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party; [or]
>
> d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
>
> [N.J.S.A. 2A:24-8.]

Here, plaintiff was charged with unbecoming conduct, which is conduct that "adversely affects the morale or efficiency of the [department]" or "has a tendency to destroy public respect for [government] employees and confidence in the operation of [public] services." Ciripompa, 202 N.J. at 13 (quoting In re Young, 202 N.J. 50, 66 (2010)) (alterations in original).

8

Unbecoming conduct "need not 'be predicated upon the violation of any particular rule or regulation, but may be based merely upon the violation of the implicit standard of good behavior which devolves upon one who stands in the public eye as an upholder of that which is morally and legally correct.'" Id. at 13-14 (quoting Karins, 152 N.J. at 555; Hartmann v. Police Dep't of Ridgewood, 258 N.J. Super. 32, 40 (App. Div. 1992)).

In determining whether a teacher has engaged in unbecoming conduct, the Commissioner may take into account "any harm or injurious effect which the teacher's conduct may have had on the maintenance of discipline and the proper administration of the school system." In re Grossman, 127 N.J. Super. 13, 30 (App. Div. 1974) (quoting In re Fulcomer, 93 N.J. Super. 404, 422 (App. Div. 1967)).

Plaintiff argues that the arbitrator "imperfectly executed" his powers, thereby requiring the vacation of the award pursuant to N.J.S.A. 2A:24-8d. Plaintiff maintains the arbitrator erroneously reviewed the Board's decision using an abuse-of-discretion standard, rather than reviewing the decision "de novo."

Plaintiff notes that when rendering a decision on tenure charges, the Commissioner is required to make an independent decision on the charges and the penalty to be imposed. Fulcomer, 93 N.J. Super. at 409-10 (App. Div. 1967). Plaintiff contends that

since N.J.S.A. 2A:6-16 now requires the Commissioner to refer tenure charges to an arbitrator for a hearing, the arbitrator also must make "an independent decision" on the charges, and not review the Board's decision under an abuse-of-discretion standard.

In support of this contention, plaintiff relies upon the following statements in the arbitrator's opinion:

> This repeated act of dishonesty within a thirteen (13) month period allowed the District to exercise its discretion to remove [plaintiff] from her tenured position. District policy provides for the penalty of dismissal "when appropriate." This requires the District to exercise its judgment in accordance with just cause principles. A penalty short of removal was within the discretion of the District but I cannot find that it abused its discretion by not doing so.
>
> . . . .
>
> I also conclude that the evidence concerning [plaintiff's] mental health history cannot serve to mitigate against the District's decision to impose the penalty of removal.

However, as the trial court explained in its decision, these statements were "contravened by the extensive narrative" offered by the arbitrator, which thoroughly addressed plaintiff's unbecoming conduct that led to her termination.

Although plaintiff asserts the arbitrator's references to the Board's "discretion" and "judgment" show that the arbitrator was being "deferential to the Board's desire to end" her employment,

the arbitrator made clear the Board had the burden of proof. The arbitrator stated that the Board had to establish that plaintiff engaged in the conduct alleged, and if so, whether disciplinary action was warranted. The arbitrator never stated the Board only had to show that it did not abuse its discretionary authority.

As the trial court noted in its decision, the arbitrator's statements show that he had a clear understanding of the standard of review he was required to apply. Given the arbitrator's extended discussion of the relevant facts, including plaintiff's two arrests, her failure to report the first arrest, and the impact these arrests had on the school and the students, the trial court correctly determined that the arbitrator's references to the "discretion" and "judgment" of the Board amounted to "no[] more than dicta."

We therefore conclude the arbitrator applied the correct standard in determining whether the Board had carried its burden of proving the conduct alleged, and whether disciplinary action was warranted. The trial court correctly found that plaintiff had not established a basis to set aside the arbitration award under N.J.S.A. 2A:24-8.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4768-16T1