```
┌─────────────────────────────────────────────────────────┐
│           NOT FOR PUBLICATION WITHOUT THE               │
│           APPROVAL OF THE APPELLATE DIVISION            │
│  This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R. 1:36-3.     │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1867-16T3

JAMES TAYLOR,

    Plaintiff-Appellant,

v.

BOARD OF EDUCATION,
ENGLEWOOD SCHOOL DISTRICT,
BERGEN COUNTY,

    Defendant-Respondent.

_____

        Argued April 18, 2018 — Decided August 14, 2018

        Before Judges Koblitz and Suter.

        On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000199-16.

        William P. Hannan argued the cause for appellant (Oxfeld Cohen, PC, attorneys; William P. Hannan, on the brief).

        Janet C. Lucas argued the cause for respondent (Weiner Law Group, LLP, attorneys; Mark A. Tabakin, of counsel; Janet C. Lucas, on the brief).

PER CURIAM

Plaintiff James Taylor appeals the December 5, 2016 amended order dismissing his order to show cause and verified complaint that sought to vacate an arbitration award and decision. Plaintiff was a tenured teacher employed by defendant Board of Education, Englewood School District. Defendant brought tenure charges against plaintiff for "unbecoming conduct, insubordination, incompetence and other just cause," seeking his dismissal from employment. The arbitrator's decision revoked plaintiff's tenure and terminated his employment. We affirm the dismissal.

Plaintiff was assigned to teach physical education at the Dwight Morris High School. On March 25, 2015, he became involved in a physical altercation with B.L., who was not a student in plaintiff's gym class. When B.L. would not return to his own gym class, it was alleged that plaintiff "confronted the student, pointing at the student's chest, then 'bumping' and ultimately pushing the student across the gym and 'mushing' the student in the head, while using inappropriate language." Eyewitnesses to the incident, gave statements, and a security camera filmed the incident. The next day, the interim superintendent suspended plaintiff with pay. Plaintiff submitted a written statement in response, explaining that the student had "stepped into my face and bumped his nose to mine and began yelling." When the student would not leave, plaintiff said he pointed to the other side of

the gym.  The student claimed that plaintiff touched him and became irate.  Another teacher then had to physically restrain the student.

On July 29, 2015, the Board filed tenure charges against plaintiff, alleging unbecoming conduct, insubordination, incompetence and other just cause, and sought his dismissal from employment.  Plaintiff opposed the charges.  On September 21, 2015, the Board certified the tenure charges, suspended plaintiff without pay, and forwarded the charges to the Commissioner of Education (Commissioner).  During the two-day arbitration hearing, the parties agreed to admit into evidence plaintiff's entire personnel file and the videotape.  Plaintiff did not testify.

On May 20, 2016, the arbitrator issued a written award and opinion, concluding the Board had satisfied its burden of proof, that no adequate defenses were raised by plaintiff to the charges or penalty, and that the charges and dismissal were justified. The arbitrator found that the incident involving plaintiff was recorded on a videotape that showed plaintiff as "the clear aggressor, if not, i.e., the initiator and/or instigator, of a physical and/or emotional confrontation with a student."  The arbitrator noted that plaintiff had received "retraining and rehabilitative efforts" in handling difficult students.  However, he stated, it was "clear enough that the [t]eacher did not back

down nor [] take any other action to diffuse the situation from escalating." He found "the only clear interpretation of the events portrayed in the video demonstrates this teachers [sic] aggressive and unwarranted behavior toward a student." The arbitration decision noted that plaintiff "possessed a clear predilection toward similar behavior in the past." The arbitrator found that the Board met its burden of proving its case and that plaintiff had not defended within "appropriate guidelines." The videotape showed "clear evidence" of "unbecoming conduct for aggressive behavior."

The arbitrator found the evidence clear and convincing; the video showed the teacher escalating the dispute. The arbitrator questioned why plaintiff had not sought "external assistance" during the incident. The arbitrator found no mitigating circumstances were present. Based on "clear evidence," he concluded that plaintiff's "behavior was deemed to include aggravating factors." Those found "were that this [t]eacher did not back off or away from an emotional or physical confrontation. He is observed on the video touching and/or pushing [s]tudent [B.L.], neither retreating nor calling for other professional assistance and thus demonstrating poor judgment." The arbitrator found that plaintiff was dismissed from employment for "just and sufficient cause."

Plaintiff filed a verified complaint in the Chancery Division on July 21, 2016, seeking to vacate the arbitration award, alleging that it was procured by "undue means," and citing to N.J.S.A. 2A:24-8. Plaintiff asked for reinstatement to his employment with back pay and other "emoluments." The court signed an order to show cause requiring defendant to show cause why the arbitration award should not be vacated. Based on the papers submitted and oral argument, the court entered an order on November 30, 2016, denying plaintiff's requested relief. The amended order on December 5, 2016, also dismissed plaintiff's verified complaint with prejudice.

In an attached rider to the orders, the court rejected plaintiff's argument that the arbitrator did not make factual findings about the incident involving B.L. The court found the arbitrator made "unambiguous factual findings as to the confrontation between [p]laintiff and B.L." It cited to the section of the award where the arbitrator characterized plaintiff as the aggressor, which was included in the "Findings and Opinion" section. The judge found the arbitrator did not use plaintiff's prior record in deciding the present charges. Instead, the arbitrator had considered aggravating and mitigating factors "in the prior conduct of [p]laintiff to determine whether to uphold the penalty in this case." The court stated this was consistent

with the concept of progressive discipline. It further held that the arbitrator's use of plaintiff's prior work history did not violate public policy. Based on the arbitrator's findings of fact and subsequent proper application of the law regarding progressive discipline, the court did not find the arbitrator's award to be deficient so as to render it procured by undue means. The court upheld the award under the "deferential[,] reasonably debatable standard."

In this appeal, plaintiff contends that the court should have applied a substantial evidence standard in evaluating the award, rather than the reasonably debatable standard. Applying the substantial evidence standard, he contends the award should have been vacated because the arbitrator did not make factual findings about what actually occurred during the March 25, 2015 incident with B.L. He argues that the arbitrator improperly used his employment and disciplinary history in evaluating the underlying tenure charges. Plaintiff contends the arbitrator relied on an "inaccurate and over-generalized version" of his employment record. Based on these alleged mistakes, plaintiff contends the award was procured by "undue means" within the meaning of N.J.S.A. 2A:24-8(a), and also that it violated N.J.S.A. 2A:24-8(d) and should be vacated. He denies that there was any "significant misconduct warranting his termination" from employment.

We have recently stated that,

> "Judicial review of an arbitration award is very limited." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010)). "An arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action." Ibid. (quoting Kearny PBA Local # 21 v. Town of Kearny, 81 N.J. 208, 221 (1979)).
>
> In reviewing the award confirmation, we owe no special deference to the trial court's interpretation of the law and the legal consequences that flow from established facts." Town of Kearny v. Brandt, 214 N.J. 76, 92 (2013) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). We thus review the trial court's decision on a motion to vacate an arbitration award de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013).
>
> [Yarborough v. State Operated Sch. Dist. of the City of Newark, __ N.J. Super. __, __ (App. Div. 2018) (slip op. at 3).]

The Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1, "provides tenured public school teachers with certain procedural and substantive protections from termination." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11-12 (2017). Under that law, "if the Commissioner determines the tenure charges merit termination, the case is referred to an arbitrator." N.J.S.A. 18A:6-16." Ibid. (citing N.J.S.A. 18A:6-17.1). Pursuant to N.J.S.A. 18A:6-17.1, "[t]he arbitrator's determination shall be

final and binding" and "shall be subject to judicial review and enforcement as provided pursuant to N.J.S.[A] 2A:24-7 through N.J.S.[A] 2A:24-10."

N.J.S.A. 2A:24-8 provides four bases to vacate an arbitration award. These include:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;
>
> d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter was not made.
>
> [N.J.S.A. 2A:24-8.]

Plaintiff contends that the arbitrator's award should be vacated under either subsections (a) or (d). As used in subsection (a), "'[U]ndue means' ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record . . . ." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 203 (2013) (first alteration in original) (quoting N.J. Office

of Emp. Relations v. Commc'ns Workers of Am., 154 N.J. 98, 111-12 (1998)). "[A]n arbitrator's failure to follow the substantive law may . . . constitute 'undue means' which would require the award to be vacated." In re City of Camden, 429 N.J. Super. 309, 332 (App. Div. 2013) (quoting Jersey City Educ. Ass'n, Inc. v. Bd. of Educ., 218 N.J. Super. 177, 188 (App. Div. 1987)).

Subsection (d) permits the vacation of an arbitration award in cases where the arbitrator exceeded the scope of his or her authority. See Port Auth. Police Sergeants Benevolent Ass'n of N.Y., N.J. v. Port Auth. of N.Y., N.J., 340 N.J. Super. 453, 458 (App. Div. 2001). A court also may vacate an arbitration award for public policy reasons. E. Rutherford PBA Local 275, 213 N.J. at 202. This applies only in "rare circumstances." Ibid. (quoting N.J. Tpk. Auth. v. Local 196, I.F.P.T.E., 190 N.J. 283, 294 (2007)).

Here, because the arbitration was compelled by statute under N.J.S.A. 18A:6-16, "judicial review should extend to consideration of whether the [arbitration] award is supported by substantial credible evidence present in the record." Amalgamated Transit Union v. Merce Cty. Improvement Auth., 76 N.J. 245, 254 (1978).[1]

---

[1] There is nothing in this record showing that the arbitration was based on a collective bargaining agreement. It does not include correspondence transmitting the case to the Commissioner nor to

The court used the reasonably debatable standard that applied before N.J.S.A. 18A:6-16 was amended in 2012. L. 2012, c. 26, § 8. See Linden Bd. of Educ., 202 N.J. at 276 (providing that the standard of review of public sector arbitration awards was to uphold the arbitrator's decision if it was reasonably debatable). That said however, based on our review of the record, we conclude that the arbitrator's findings are supported by substantial credible evidence. We have no basis to disturb them.

Plaintiff contends that the arbitrator did not make factual findings about what actually occurred during the March 25, 2015 incident. We agree with the trial court in rejecting this argument. The arbitrator found that plaintiff was the aggressor in the incident with B.L., that he physically contacted the youth, and that he had not acted to defuse the situation from escalating. Based on the videotape he found "clear evidence" of "unbecoming conduct for aggressive behavior." Plaintiff did not seek external assistance. The arbitrator did not find any mitigating evidence. The arbitrator saw plaintiff on the video "touching and/or pushing [s]tudent [B.L.], neither retreating nor calling for other

---

the arbitrator. Before N.J.S.A. 18A:6-16 was amended in 2012, our standard of review of public sector arbitration awards was to uphold the arbitrator's decision if it was reasonably debatable. See Linden Bd. of Educ. v. Linden Educ. Ass'n, 202 N.J. 268, 276 (2010).

A-1867-16T3

professional assistance and thus demonstrating poor judgment." We are satisfied that the arbitrator made findings that supported the tenure charges and that there was substantial credible evidence in the record to support the findings.

The arbitrator made reference to plaintiff's prior employment and disciplinary history. In 2009, plaintiff was involved in a physical altercation with a student. This incident was not found by the Institutional Abuse and Investigation Unit report to constitute abuse. In January 2010, a student alleged plaintiff scratched her face when he took a way her cell phone, a claim that he denied. A written letter from the principal advised him to "use better judgment, refrain from physical force with students and ask for assistance if needed." In November 2010, he received a written reprimand about the lack of quality of his lesson plans. In November 2010, plaintiff was involved in a verbal altercation with a student and was issued a written reprimand because his response to the student was to use "inappropriate language" that took the confrontation to a "higher level" instead of calming it. He was directed to enroll in a workshop on dealing with difficult students. He was issued a disciplinary memo in 2010, when he did not report his absence. In 2011, he was directed to undergo a psychological evaluation. His increment was withheld in 2011-2012 based on his performance including "poor classroom management" and

his "exercise of poor judgment in conducting teacher responsibilities." Plaintiff contends that the arbitrator relied on this record in evaluating whether plaintiff committed the present charges. Plaintiff does not dispute that the arbitrator was permitted to rely on his employment record in evaluating whether he should be terminated from employment. See W. New York v. Bock, 38 N.J. 500, 522 (1962).

We agree with the trial judge that the arbitrator's award did not use plaintiff's past record as proof of the current charges, although the arbitrator's award could have been more clearly written. The arbitrator wrote:

> If the surrounding facts/interpretation of the March 25, 2015 'incident' were, standing alone, to be the sole determinative factor for whether there was a 'just cause' dismissal here, the [t]eacher's defense to it might have provided some pause for consideration.

We read "'just cause' dismissal" as referencing the penalty to be imposed; not the underlying charges. In another part of the decision, the arbitrator wrote "[m]oreover, as stated above, this [t]eacher possessed a clear predilection toward similar behavior in the past." When read in context, this was a simply a reference to progressive discipline. The arbitrator also wrote that,

> "[t]herefore and notwithstanding the [t]eacher's defenses [as documented but not testified to] surrounding his actions on March 25, 2015, any attempts to dissect the events

> of that day are simply deemed to be a futile attempt to avoid the more critical and underlying question about this [t]eacher's suitability for continued employment within the [s]chool [d]istrict.

Because the arbitrator found the tenure charges by clear and convincing evidence, we read this passage as the arbitrator's evaluation of plaintiff's suitability for employment in determining whether to terminate employment and not in determining the underlying charges.

There was no indication the arbitrator relied on an inaccurate or over-generalized version of plaintiff's employment record. The tenure charges detailed plaintiff's employment history. The parties had stipulated that plaintiff's full employment record was in evidence. There is no reason to think that the arbitrator did not fully appreciate that some of the issues in his record did not relate to interactions with students and others did not result in written reprimands.

We agree with the trial court that the arbitrator's award should not be vacated on grounds that it was "procured by . . . undue means." There was substantial evidence to support the charges and also to support termination of plaintiff's employment. N.J.S.A. 2A:24-8(d) does not apply in this case. Plaintiff did not contend that the arbitrator exceeded the scope of his authority

or that the award should have been vacated for public policy reasons.[2]

The reported case cited by plaintiff does not require a different result. In <u>In re Fulcomer</u>, 93 N.J. Super. 404 (App. Div. 1967), where we remanded the case to the Commissioner to determine the proper penalty to be imposed, the teacher had not been disciplined in the past and consistently had received pay raises. That was not the situation with plaintiff who had a disciplinary record and had been denied a pay increment.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] This would have required analysis under the reasonably debatable standard. <u>E. Rutherford PBA Local 275</u>, 213 N.J. at 203.

A-1867-16T3