**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2306-16T4

DARNAY DODSON,

    Plaintiff-Appellant,

v.

STATE-OPERATED SCHOOL
DISTRICT OF THE CITY
OF NEWARK,

    Defendant-Respondent.

_____

Argued September 18, 2018 – Decided October 11, 2018

Before Judges Ostrer, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7191-16.

Stuart S. Ball argued the cause for appellant (Stuart Ball, LLC, attorneys; Stuart S. Ball and Andrea L. Maddan, on the briefs).

Sandro Polledri argued the cause for respondent (Adams Gutierrez & Lattiboudere, LLC, attorneys; Sandro Polledri, of counsel and on the brief).

PER CURIAM

Plaintiff Darnay Dodson, a teacher formerly employed by defendant State-Operated School District of the City of Newark, appeals from the January 9, 2017 Law Division order affirming the arbitration award in favor of defendant, and upholding the tenure charges filed against him. On appeal, plaintiff asserts several errors in the judge's and arbitrator's respective determinations. After a review of these contentions in light of the record and applicable principles of law, we disagree and affirm.

Plaintiff, a tenured teacher, began his employment with defendant in 1999. After the 2012-13 school year, plaintiff was placed on a corrective action plan (CAP), which addressed areas in need of improvement and set timelines for that improvement. See N.J.A.C. 6A:10-2.5(e). The CAP remained in place for the start of the 2014-15 school year as well.

Following the 2013-14 school year, defendant reviewed plaintiff's performance and issued an Annual Summary Evaluation (ASE).[1] Plaintiff was

___

[1] An ASE measures a teacher's performance through the assessment of five competencies: (1) Lesson Design and Focus; (2) Rigor and Inclusiveness; (3) Culture of Achievement; (4) Student Progress Toward Mastery; and (5) Commitment to Personal and Collective Excellence. In competencies one through four, teachers are rated "highly effective," "effective," "partially effective," or "ineffective." Each rating is assigned points: four, three, two or one respectively. Under competency five, teachers are rated: "Exceeds Expectations," "Meeting Expectations," "Slightly Below Expectations" or

rated "Partially Effective" in competencies one, two, and five, and "Effective" in competencies three and four. His score of eight points earned him an overall rating of "Partially Effective."[2] After the 2014-15 school year, plaintiff achieved a rating of "Partially Effective" in all five competencies,[3] resulting in an overall rating of "Ineffective."[4]

The TEACHNJ Act seeks to improve student achievement by adopting specific evaluations for educators. See N.J.S.A. 18A:6-117 to -129. TEACHNJ also amended the procedural processes for tenure teacher charges under the

---

"Significantly Below Expectations." Each of the ratings is assigned a point value: one, zero, negative two or negative six, respectively. See Teacher Effectiveness and Accountability for the Children of New Jersey (TEACHNJ) Act, N.J.S.A. 18A:6-117 to -129.

[2] Overall ratings for a teacher's ASE are calculated by adding the points scored in each competency. In 2013-14, a teacher received an overall rating of "highly effective," "effective," "partially effective" or "ineffective" for scoring fifteen to seventeen points, eleven to fourteen points, six to ten points, or zero to five points, respectively. In 2014-15, a teacher received an overall rating of "highly effective," "effective," "partially effective" or "ineffective" for scoring seventeen to nineteen points, thirteen to sixteen points, eight to twelve points, or zero to seven points, respectively.

[3] In 2014-15, competency four's ratings were assigned points of six, five, two, or one, respectively.

[4] Plaintiff's score on competency five was negative two points, giving him a total score of six points.

Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1. A tenured teacher may not be dismissed "except for inefficiency . . . and then only after a hearing." N.J.S.A. 18A:6-10.

Under TEHL, tenure charges based upon inefficiency must be filed against a teacher if he or she receives a "partially effective" ASE in one year and an "ineffective" ASE in the following year. N.J.S.A. 18A:6-17.3(a)(2). Accordingly, defendant filed inefficiency tenure charges against plaintiff in August 2015. After the Commissioner of Education determined the inefficiency charges warranted dismissal, the matter was referred to an arbitrator. N.J.S.A. 18A:6-16.

Following several days of hearings, the arbitrator issued a comprehensive thirty-eight page decision. Although defendant did not substantially comply with the procedural requirements in evaluating plaintiff, by failing to use student performance as a factor and properly measure it, the arbitrator determined the failure was not material to the outcome of plaintiff's ASEs. He concluded plaintiff would not have achieved enough points to elevate his ratings, even if student performance had been used as a factor and properly measured. Therefore, the arbitrator issued an award in favor of defendant because the ASEs

were not materially affected by defendant's failure to substantially comply with the statutory procedures for conducting teacher evaluations.

Plaintiff subsequently filed an Order to Show Cause and verified complaint in the Superior Court, requesting to vacate the arbitration award. In a January 9, 2017 written decision, the trial judge determined the arbitrator properly issued an award in defendant's favor because, despite defendant's failure to adhere substantially to the evaluative process, the arbitrator correctly determined that this failure did not materially affect the outcome of plaintiff's evaluation. The judge noted that, even if the evaluation procedure was properly done, plaintiff did not have enough available points in competency four to elevate his score to "effective." He reasoned that a perfect score of four points on competency four would still result in an overall score of eight points and the "overall rating of 'ineffective' for 2014-15 would have been the same."

The judge stated:

> Given the abundance of evidence throughout the voluminous record that Plaintiff was a subpar instructor – specifically in the areas of pace of instruction, lesson planning, classroom teaching techniques, and personal attendance to name a few – the [c]ourt is satisfied that the arbitrator, who is clearly the individual most well-versed in this area, reached an informed and responsible conclusion [that] Plaintiff's assumption that he would achieve a higher score than he ever did on competency

four, but-for the lack of adherence to the teacher evaluation process, was not realistic.

As the judge found the arbitrator's award was supported by the competent, relevant, and credible evidence in the record, he denied plaintiff's request to vacate the arbitration award.

"Judicial review of an arbitration award is very limited." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010)). "An arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action." Ibid. (quoting Kearny PBA Local # 21 v. Kearny, 81 N.J. 208, 221 (1979)). Where, as here, the arbitration is compelled by statute, "judicial review should extend to consideration of whether the [arbitration] award is supported by substantial credible evidence present in the record." Amalgamated Transit Union v. Mercer City Improvement Auth., 76 N.J. 245, 254 (1978).

Plaintiff argues on appeal, as he did to the trial judge, that the arbitrator and judge erred in their respective analyses of the "materially affected" clause of the pertinent statute, N.J.S.A. 18A:6-17.2. We begin, then, with the statute.

The tenure charges for inefficiency arose from the two consecutive ASE ratings of "partially effective" and "ineffective." Because the charges were

6

grounded in inefficiency, the arbitrator's consideration of the charges was governed by N.J.S.A. 18A:6-17.2. The statute provides:

> (a) In the event that the matter before the arbitrator . . . is employee inefficiency pursuant to [N.J.S.A. 18A:6-17.3] of this act, in rendering a decision the arbitrator shall only consider whether or not:
>
> > (1) the employee's evaluation failed to adhere substantially to the evaluation process, including, but not limited to providing a corrective action plan;
> >
> > (2) there is a mistake of fact in the evaluation;
> >
> > (3) the charges would not have been brought but for considerations of political affiliation, nepotism, union activity, discrimination as prohibited by State or federal law, or other conduct prohibited by State or federal law; or
> >
> > (4) the district's actions were arbitrary and capricious.
>
> (b) In the event that the employee is able to demonstrate that any of the provisions of paragraphs (1) though (4) of subsection a. of this statute are applicable, the arbitrator shall then determine if that fact materially affected the outcome of the evaluation. If the arbitrator determines that it did not materially affect the outcome of the evaluation, the arbitrator shall render a decision in favor of the board and the employee shall be dismissed.
>
> [N.J.S.A. 18A:6-17.2.]

A-2306-16T4

The arbitrator determined, and defendant does not dispute, that defendant failed to factor a student achievement score, specifically student growth measurement, into plaintiff's ASE. As a result, the arbitrator found, under the first paragraph of the statute, that "the employee's evaluation failed to adhere substantially to the evaluation process . . . ." N.J.S.A. 18A:6-17.2(a)(1). Plaintiff asserts that finding should have ended the arbitrator's analysis. We disagree.

The arbitrator's finding that defendant did not adhere substantially to the evaluation process led to the second step of the determinative process under the statute. Did the failure to substantially comply with the evaluation process "materially affect[] the outcome of the evaluation"? N.J.S.A. 18A:6-17.2(b). The plain language of the statute required the arbitrator to conduct the materiality analysis upon plaintiff having satisfied a predicate condition.

In performing that analysis, the arbitrator determined that plaintiff's scores were so low, that even if defendant factored in the required student growth measurement, and plaintiff achieved a perfect rating in the competency, his total score remained too low for an "effective" rating. Plaintiff still would have been subject to tenure charges. Therefore, the arbitrator concluded defendant's failure to substantially comply with the evaluative process did not materially affect the

A-2306-16T4

outcome. As a result, the statute required a decision in favor of defendant. N.J.S.A. 18A:6-17.2(b).

In reviewing the arbitrator's decision, the trial judge stated: "Under N.J.S.A. 18A:6-17.2(b), the inquiry as to materiality is wholly separate and apart from any finding as to whether or not the District substantially adhered to the evaluation process." If one of the listed factors is found, the judge continued, the arbitrator "must then decide whether the presence of said factor 'materially affected the outcome of the evaluation.'" N.J.S.A. 18A:6-17.2(b). The judge found the "arbitrator's determination on the materiality issue was proper given the reasoning behind the conclusion."

The plain language of the statute directs the arbitrator to conduct a materiality analysis if the plaintiff has satisfied a predicate condition. We are satisfied the judge's determination is supported by the substantial credible evidence in the record.

We next address plaintiff's contention that the arbitrator and trial judge erred in shifting the burden of proof to plaintiff in their considerations of N.J.S.A. 18A:6-17.2 (a) and (b). He supports his contention with the following sentence in the arbitrator's discussion of N.J.S.A. 18A:6-17.2: "It is not enough

for the teacher to show the standards were not substantially followed. The teacher must also show that any deviation was 'material.'"

While the latter part of the statement is a misstatement of the law,[5] it is evident the arbitrator understood the respective parties' burdens of proof. In the award, the arbitrator recited the law applicable to his determination, N.J.S.A. 18A:6-17.2(d), stating: "The board of education shall have the ultimate burden of demonstrating to the arbitrator that the statutory criteria for tenure charges have been met." In his de novo review of the arbitrator's decision, the trial judge stated

> metrics computed by the arbitrator as to the competencies show that regardless of whether the [p]laintiff had to show materiality or the [d]efendant had to show immateriality, the bottom line remains the same: due to the competency calculations and factoring in hypothetical and better scores for [p]laintiff[,] . . . the arbitrator concluded that even had [p]laintiff scored better in the legally deficient area of the evaluation, the evaluation as a whole – taking into account the other competencies, would have yielded a rating warranting dismissal.

---

[5] N.J.S.A. 18A:6-17.2(d) provides, "The board of education shall have the ultimate burden of demonstrating to the arbitrator that the statutory criteria for tenure charges have been met." As noted previously, subsection (b) requires the employee to demonstrate one of the four predicate conditions. N.J.S.A. 18A:6-17.2(a).

Despite the arbitrator's misstatement, it is clear he and the trial judge supported their respective conclusions with the credible evidence in the record. Plaintiff would have been subject to dismissal even if defendant had correctly followed the evaluation procedures. His scores were so low in all of the considered categories that a perfect rating in competency four would not have sufficed to raise his score to an "effective" rating. Therefore, the deviation was not material and the tenure charges were warranted.

The remainder of plaintiff's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2306-16T4