**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5456-16T4

SOMERSET COUNTY VOCATIONAL
AND TECHNICAL SCHOOL BOARD
OF EDUCATION,

     Plaintiff-Respondent,

v.

JOHN VINGARA,

     Defendant-Appellant.

_____

Argued October 11, 2018 – Decided December 27, 2018

Before Judges Simonelli, Whipple and DeAlmeida.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. C-012015-17.

Edward A. Cridge argued the cause for appellant (Mellk O'Neill, attorneys; Arnold M. Mellk, of counsel; Edward A. Cridge, on the brief).

Lisa M. Fittipaldi argued the cause for respondent (DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys; Lisa M. Fittipaldi and Robert P. Manetta, on the brief).

PER CURIAM

Defendant, John Vingara, appeals from a July 21, 2017 order vacating an arbitration award and remanding the matter to a new arbitrator to determine whether defendant engaged in theft of goods and services, engaged in conduct unbecoming a teaching professional and neglected his professional duties. We affirm for the reasons expressed in Judge Margaret Goodzeit's comprehensive and well-reasoned decision issued with the order.

The evidence is set forth in detail in the judge's decision. A summary will suffice here. Defendant was employed as a Culinary Arts teacher by plaintiff, the Somerset County Vocational and Technical School Board, for over thirty years. In June 2015, plaintiff became suspicious of defendant when the school business office received an invoice from their food supplier for items not needed during the summer. On August 10, 2015, the school's summer program reported food items missing. A school security guard, Virginia Fanelli, saw defendant on campus on August 10, 2015. Principal Diane Ziegler discussed the missing food and defendant's outside catering businesses, with Business Administrator Raelene Catterson. Plaintiff authorized an investigation.

On April 27, 2016, plaintiff brought tenure charges against defendant under N.J.S.A. 18A:6-10 for "(a) conduct unbecoming a teacher; (b) neglect of

2

duty; and (c) theft of goods and services." On June 21, 2016, after receiving defendant's answer to the charges, the Commissioner of Education assigned an arbitrator for the tenure charges hearing.

The arbitrator heard testimony from Catterson, Ziegler, Fanelli, Superintendent Christine Harttraft, and an accountant, Theresa Simonds, about the results of their investigation. The arbitrator was also presented with documentary and video evidence from a security camera.

After three days of hearings on September 2, September 6, and October 7, 2016, the arbitrator found plaintiff had failed to prove the charge of theft and determined failure to meet this burden constituted a failure to prove the remaining charges. On March 28, 2017, plaintiff filed a Verified Complaint and Order to Show Cause in the Chancery Division, seeking to vacate the arbitrator's award. On July 21, 2017, Judge Goodzeit vacated the arbitrator's award and remanded the matter to a new arbitrator for further proceedings. This appeal followed.

We review the court's decision to vacate an arbitration award de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013). Here, Judge Goodzeit thoroughly reviewed the findings of the arbitrator and recognized such an award is only subject to vacation when justified under one of the four

statutory bases outlined in N.J.S.A. 2A:24-8[1] or if it is contrary to public policy.

Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 202 (2013). The judge also recognized she could not substitute her own judgment for that of the arbitrator. Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 11 (2007).

An arbitrator's authority is limited by N.J.S.A. 2A:24-8 and by the questions framed by the parties. Here, the charges against defendant were "(a) conduct unbecoming a teacher; (b) neglect of duty; and (c) theft of goods and

---

[1] Under N.J.S.A. 2A:24-8:

> The court shall vacate the award in any of the following cases:
> a) Where the award was procured by corruption, fraud or undue means;
> b) Where there was either evident partiality or corruption in the arbitrators, or any thereof;
> c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;
> d) Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
> When an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

A-5456-16T4

services." The judge emphasized conduct unbecoming a teacher may be based on evidence of inappropriate conduct by a teaching professional, focusing on morale, efficiency, and public perception. No implicit rule need be violated for conduct to be unbecoming a teacher. Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 13-14 (2017). Further, the court noted neglect of duty is an additional basis for discipline, and while a single instance may not be sufficient, numerous occurrences may amount to neglect of duty.

The judge found "the Arbitrator did not execute his powers to appropriately evaluate whether the claims against [defendant] rose to the level of conduct unbecoming a teaching professional and/or neglect of his duties." The judge noted defendant's presence on campus during off hours, despite previous warnings, and leaving before the end of the day as examples of conduct the arbitrator did not consider as unbecoming a teacher or neglect of duty. Further, the court noted the arbitrator did not consider whether conducting personal business while on campus, receiving unauthorized deliveries for personal business, or lying about professional development days constituted neglect of duty or conduct unbecoming a teacher. Accordingly, the judge determined the arbitrator imperfectly executed his power by failing to evaluate

all claims and supporting evidence of neglect of duty and conduct unbecoming a teaching professional.

Additionally, the court found the arbitrator's decision was the result of undue means, namely mistakes of law and fact and disregard of substantial credible evidence. "[U]nbecoming conduct 'need not be predicated upon the violation of any particular rule or regulation, but may be based merely upon the violation of the implicit standard of good behavior which devolves upon one who stands in the public eye . . . .'" Id. at 13-14 (quoting Karins v. City of Atl. City, 152 N.J. 532, 555 (1998)) (internal quotations omitted). Moreover, although the matter was subject to consideration under a preponderance of the evidence standard, the arbitrator incorrectly found plaintiff did not establish evidence beyond any possible explanation, notwithstanding that defendant offered no alternative explanation for his conduct. Accordingly, because the award was not supported by substantial credible evidence and the arbitrator did not properly evaluate certain claims, Judge Goodzeit vacated the award and remanded to a new arbitrator. After conducting our own review of the record, we agree with her determination.

A-5456-16T4

Affirmed, the matter is remanded to a new arbitrator to determine whether defendant committed theft of goods and services, conduct unbecoming and/or neglect of duty and any appropriate penalty.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5456-16T4