**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1992-17T3

MICHAEL J. FERRIOLA,

    Plaintiff-Appellant,

v.

THE CINCINNATI INSURANCE
COMPANY,

    Defendant-Respondent.

_____

        Argued January 7, 2019 – Decided January 23, 2019

        Before Judges Messano and Fasciale.

        On appeal from Superior Court of New Jersey, Law Division, Salem County, Docket No. L-0009-17.

        Andrew S. Viola argued the cause for appellant (Albano & Viola, LLC, attorneys; Michael P. Albano, on the briefs).

        Walter F. Kawalec, III argued the cause for respondent (Marshall Dennehey Warner Coleman & Goggin, attorneys; Walter F. Kawalec, III, and Walter J. Klekotka, on the brief).

PER CURIAM

In this underinsured motorist (UIM) arbitration case, plaintiff appeals from the November 29, 2017 order denying his motion to vacate a replacement UIM arbitration award. The same order granted defendant's motion to confirm the award. Plaintiff argues primarily that the judge erred in entering the order by not considering the entire lost wage claim and workers' compensation lien. We disagree and affirm.

Plaintiff sustained injuries from a car accident while working as a driver/serviceman for Industrial Age Contractors, Inc. IFA Insurance Company insured the tortfeasor, who rear-ended plaintiff's vehicle, up to $15,000. Defendant is the UIM carrier for plaintiff's employer. After IFA paid its policy limits, the parties proceeded to UIM arbitration.

In December 2016, the arbitration panel awarded plaintiff $175,000. Plaintiff sought to vacate the award arguing that the arbitrators failed to explain the basis of the award, and did not consider plaintiff's workers' compensation lien, Medicare lien, lost wages, or pain and suffering claim. The judge saw no reason to vacate the award under N.J.S.A. 2A:23B-23, but remanded for clarification, pursuant to N.J.S.A. 2A:23B-20(d)(3) (permitting such a procedure).

A-1992-17T3

The arbitrators reconvened and issued the replacement award. The arbitrators awarded $115,000 for pain and suffering, $39,600 for a net wage loss, $115,000 for past reimbursable medical benefits, and $28,542.49 for future medical benefits. The arbitrators explained in detail the basis for the award, which totaled $298,142.49.

The arbitrators unanimously concluded that plaintiff carried his burden of proof demonstrating the accident caused "a right shoulder injury resulting in need for surgery on April 15, 2013; aggravation of underlying spinal condition leading to epidural injections; [and] concussion-related symptomology." But the arbitrators also unanimously concluded that plaintiff "failed to carry [his] proof with respect to any other accident-related injury specifically including but not limited to a traumatic brain injury and post-concussion syndrome leading to cognitive deficits in balance, processing or concentration." After considering the proofs, the arbitrators stated that they "confidently provide[d] an [a]ward which [they] believe[d] fully considered all parties' evidence against the parties' respective burdens of proof."

Plaintiff moved to vacate the replacement arbitration award, arguing that the arbitrators did not adequately consider plaintiff's workers' compensation lien. Plaintiff also argued that the arbitrators failed to adequately explain their

lost wages allocation. Plaintiff asserted that, similar to the first award, the arbitrators did not make findings of facts or conclusions of law or properly explain the reason for the award – but that the arbitrators simply "threw out numbers."

The judge found that the arbitrators adequately explained the basis for the replacement award. In confirming the replacement award and denying plaintiff's motion to vacate under N.J.S.A. 2A:23B-23, the judge stated that after the first award, he was concerned as to whether the arbitrators considered the workers' compensation lien. But, after they rendered the replacement award, he was satisfied that the arbitrators considered the workers' compensation lien:

> And now[,] they've explained they did, and that the reason that there is a difference between the much higher worker's compensation number and the number that they found is because they found that certain injuries that are really provoking and causing the more significant numbers weren't injuries that were proven to be caused by this accident.

"It . . . is well settled that 'there is a strong preference for judicial confirmation of arbitration awards.'" Minkowitz v. Israeli, 433 N.J. Super. 111, 135 (App. Div. 2013) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n, 202 N.J. 268, 276 (2010)). Courts will grant arbitration awards "considerable deference." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213

4

N.J. 190, 201 (2013). It is the party seeking to vacate an arbitration award that "bears the burden of demonstrating 'fraud, corruption, or similar wrongdoing on the part of the arbitrator[.]'" Minkowitz, 433 N.J. Super. at 136 (quoting Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994)). Therefore, "[j]udicial review of an arbitration award is very limited." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ., 202 N.J. at 276). Because the decision to vacate an arbitration award is a matter of law, we review a denial of a motion to vacate an arbitration award de novo. Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010).

On appeal, plaintiff maintains that we should vacate the replacement award because it does not include the entire lost wage claim. N.J.S.A. 2A:23B-23(a) provides six reasons to vacate an arbitration award:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section 15 of this act not later than the beginning of the arbitration hearing; or

(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.

Under N.J.S.A. 2A:23B-23(d), "[i]f the court denies an application to vacate an award, it shall confirm the award unless an application to modify or correct the award is pending." As the judge noted, plaintiff failed to satisfy any of these six conditions. We reach the same conclusion.

We cannot second-guess the arbitrators' findings on causation or the alleged seriousness of plaintiff's purported injuries. The arbitrators determined what injuries were caused by the accident and entered an appropriate award. The arbitrators considered all the evidence and adequately explained the reasoning for the replacement award.

Importantly, in arriving at the replacement award, the arbitrators viewed surveillance videos of plaintiff from April, May, and September 2016. The surveillance of plaintiff cast substantial doubt on whether the injuries were as

6

serious as he had contended. The videos show that plaintiff was without any of the physical ailments that he expressed during his deposition and at the arbitration proceeding. In light of all the evidence, the arbitrators explained that they unanimously concluded that plaintiff failed to prove the more serious accident-related injuries, specifically, a traumatic brain injury and post-concussion syndrome. The arbitrators further explained that they "parcel[ed] out [the] portions of the claims [they] collectively attributed to the accident-related injuries." Thus, the net wage loss amount that they awarded reflects the injuries that the arbitrators found plaintiff proved.

We reject any contention that the judge failed to consider the workers' compensation lien, which exceeded $700,000. Rather, the judge discussed the lien at length on the record. The judge explained that the workers' compensation lien suggests that the North Carolina Industrial Commission[1] awarded benefits based on all of plaintiff's alleged accident-related injuries, while the arbitrators expressly concluded that plaintiff failed to prove traumatic brain injuries and post-concussion syndrome. And the judge acknowledged that the arbitrators considered "surveillance films that basically refute what it is . . . plaintiff is

---

[1] The North Carolina Industrial Commission is charged with awarding workers' compensation. See N.C. Gen. Stat. § 97-83.

7                                                                                    A-1992-17T3

claiming he can't do." He concluded that the arbitrators "get to decide . . . the boardable expenses [that] relate[] to this specific accident."

We conclude, as did the judge, that there is no basis to vacate the award under N.J.S.A. 2A:23B-23(a). In light of our "very limited" review, we therefore decline to disturb the replacement arbitration award. Ciripompa, 228 N.J. at 11.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION