**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3964-22

EAST ORANGE BOARD OF
EDUCATION,

    Plaintiff-Respondent,

v.

ROTIMI OWOH,

    Defendant-Appellant.

_____

           Submitted May 5, 2025 – Decided August 26, 2025

           Before Judges Gummer and Berdote Byrne.

           On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000071-23.

           Rotimi Owoh, appellant pro se.

           Antonelli Kantor Rivera, attorneys for respondent (Ramon E. Rivera, of counsel and on the brief; Lawrence M. Teijido and Madelaine P. Hicks, on the brief).

PER CURIAM

Defendant Rotimi Owoh was employed by plaintiff East Orange Board of Education as a teacher. An arbitrator found plaintiff had substantiated certain tenure charges against defendant that supported his dismissal. Defendant appeals from the arbitration award, the arbitrator's denial of defendant's reconsideration motion, and the Chancery Division's confirmation of the arbitration award. Perceiving no legal error or abuse of discretion in the arbitrator's or Chancery Division's decisions, we affirm.

I.

Defendant began working for plaintiff in September 2001 and subsequently attained tenure status. Based on defendant's purported excessive absenteeism during the 2018-19, 2019-20, and 2020-21 school years and other alleged conduct, plaintiff certified the following tenure charges against him in 2021 pursuant to N.J.S.A. 18A:6-10: incapacity, conduct unbecoming, insubordination, neglect of duty, and other just cause. N.J.S.A. 18A:6-10 is part of the Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1. Plaintiff sought to terminate defendant's employment.

In his answer, defendant denied the charges, claimed he had a condition that made it medically impractical for him to "keep up" with elementary-school children and to climb the stairs at the school, asserted he had provided medical

documentation to plaintiff, and contended the charges were pretextual and issued in retaliation for activities he had engaged in that he claimed were protected by various laws, including the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, and the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14. In the answer, defendant referenced a June 18, 2021 letter he had written to plaintiff. In that letter, defendant advised plaintiff he was practicing law but might later choose to return to teaching if he became medically able to do so without limitation or restriction.

The case was referred to an arbitrator pursuant to N.J.S.A. 18A:6-16.[1] After denying plaintiff's summary-decision motion, temporarily staying the matter at defendant's request, and granting defendant's multiple adjournment requests, the arbitrator scheduled the hearing on the charges to take place on November 1 and 9, 2022. On October 31, 2022, defendant requested an adjournment of the November 1, 2022 hearing date for health reasons. The arbitrator granted that request but advised defendant the matter would be marked as peremptory going forward and that no further adjournments would be granted

---

[1] Defendant did not include in his appellate appendix copies of plaintiff's charges, his answer, related correspondence, or a transcript of the proceedings before the arbitrator. We take this information from the summary set forth by the arbitrator in his opinion. The arbitrator's summary appears to be undisputed.

A-3964-22

absent extraordinary and compelling circumstances. On November 1, 2022, defendant told the arbitrator he was not available for the November 9, 2022 hearing date because he had a court appearance in another matter, of which he had had notice since September 15, 2022. The arbitrator declined to adjourn the hearing, citing defendant's delay in raising the issue and concluding defendant had not presented extraordinary and compelling circumstances. On November 9, 2022, defendant did not appear at the hearing, and plaintiff decided to defer presentation of its case until December 13, 2022, which was the next hearing date.

Defendant moved for dismissal of the tenure charges based on a default entered against plaintiff in a LAD action defendant had filed against plaintiff in the Superior Court. Although the arbitrator advised defendant it would address the motion at the December 13, 2022 hearing, defendant chose not to appear. The arbitrator later denied the motion as moot after learning the court in the LAD matter had vacated the default.

During the December 13, 2022 hearing, Marissa McKenzie, plaintiff's business administrator, testified plaintiff maintained an attendance policy, which stated in relevant part:

> The East Orange Board of Education recognizes that an effective educational system is one in which all

4

members, whenever possible, report for duty each and every working day. Therefore, to foster and maximize staff attendance at the [ninety-five] percent level, an attendance improvement program shall be developed and implemented.

The primary purpose of the attendance program shall be to improve and maintain the quality of education. Improved attendance will increase the level of staff contact time and ensure the continuity of learning by reducing to a minimum the interruption of services provided students by full[-]time staff.

The regular and prompt attendance of teaching staff members is an essential element in the efficient operation of the school district and the effective conduct of the educational program. Staff member absenteeism disrupts the educational program [and] the Board of Education considers attendance an important component of staff member's job performance.

A teaching staff member who fails to give prompt notice of an absence, misuses sick leave, fails to verify an absence in accordance with Board policy, falsifies the reason for an absence, is absent without authorization, is repeatedly tardy, or accumulates an excessive number of absences may be subject to appropriate consequences, which may include the withholding of salary increments, dismissal and/or certification of tenure charges.

McKenzie also testified about defendant's absences from work, his reported health issues, the leaves of absence he had taken, his communications with the principal and others, his stated intention to return to work, and his failure to return to work and to provide a return-to-work clearance from his

doctor and other requested medical information to support his absences. According to McKenzie, she sent him a letter on April 26, 2021, noting he had been out of work since September 16, 2019, and making a "final request for medical information to support [his] absence from December 3, 2020 to [the] present." McKenzie testified she had advised defendant that if he did not respond by May 14, 2021, he would be considered "absent without leave effective December 3, 2020, and subject to discipline." McKenzie stated that because defendant had not responded by May 14, 2021, she sent him a letter dated May 17, 2021. In the letter, she advised him plaintiff had determined he abandoned his position and that it would pursue tenure charges against him for insubordination, job abandonment, and other charges. McKenzie also opined that discharge was the appropriate penalty.

On February 21, 2023, the arbitrator issued an opinion and award, finding plaintiff had substantiated the charges of incapacity, conduct unbecoming, and insubordination and that those charges warranted defendant's dismissal. The arbitrator dismissed the remaining charges. The arbitrator noted that since failing to appear for the hearing, defendant had not requested or attempted to present any evidence or argument in support of a defense to the charges. The arbitrator nevertheless accepted defendant's answer as well as the June 18, 2021

6

letter as a statement of defendant's position. The arbitrator viewed defendant's pretext and retaliation claims as affirmative defenses but found he had failed to prove them because his claims were "hearsay" and "entirely conclusory, with no supporting factual assertions included."

Defendant moved for reconsideration or, alternatively, to include in the record six exhibits he submitted with the motion. In a March 2, 2023 order and written decision, the arbitrator denied both aspects of the motion. The arbitrator found he did not have authority to decide the reconsideration motion because his authority had terminated with the issuance of the February 21, 2023 opinion and award. Nevertheless, he concluded the motion was without merit.

On May 19, 2023, plaintiff filed in the Chancery Division an order to show cause (OTSC) application and a verified complaint seeking to confirm the arbitration award pursuant to Rule 4:67-1. The court issued the OTSC, scheduling the hearing date. After hearing argument, the court on July 3, 2023, issued an order confirming the arbitrator's opinion and award. In an oral decision it rendered the same day, the court found defendant had not established any basis pursuant to N.J.S.A. 2A:24-8 to set aside the arbitration award and that defendant's separate LAD case and unsuccessful attempts to appeal the award on an interlocutory basis were not reasons to deny plaintiff's application.

A-3964-22

This appeal followed.

II.

We review de novo a trial court's legal conclusions, including legal conclusions made in confirming an arbitration award. Pami Realty, LLC v. Locations XIX Inc., 468 N.J. Super. 546, 556 (App. Div. 2021). However, in reviewing an arbitration decision, "we must be mindful of New Jersey's 'strong preference for judicial confirmation of arbitration awards.'" Sanjuan v. Sch. Dist. of W. N.Y., 256 N.J. 369, 381 (2024) (quoting Middletown Twp. PBA Loc. 124 v. Twp. of Middletown, 193 N.J. 1, 10 (2007)). "[O]ur review is further circumscribed by the TEHL's specific provisions stating that an 'arbitrator's determination shall be final and binding and . . . subject to judicial review and enforcement as provided pursuant to N.J.S.A. 2A:24-7 [to ]-10.'" Ibid. (quoting N.J.S.A. 18A:6-17.1(e)). Under N.J.S.A. 2A:24-8, a court "shall vacate" an arbitrator's award:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any

A-3964-22

other misbehaviors prejudicial to the rights of any party;

d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.

[Sanjuan, 256 N.J. at 381 (quoting N.J.S.A. 2A:24-8).]

See also Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) ("An arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action" (quoting Kearny PBA Local # 21 v. Town of Kearny, 81 N.J. 208, 221 (1979))). We review an order on a reconsideration motion under an abuse-of-discretion standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

We affirm because, as the Chancery Division correctly held, defendant did not establish a statutory basis, or any other basis, to set aside the arbitration award. The record is devoid of any evidence the arbitrator was impartial or corrupt; issued the award as a result of "corruption, fraud or undue means"; engaged in misconduct; or exceeded his authority. Sanjuan, 256 N.J. at 381 (quoting N.J.S.A. 2A:24-8). Given the number of adjournment requests granted by the arbitrator and the circumstances surrounding the last request, we perceive no misconduct in the arbitrator's decision to deny that request. And despite defendant's non-appearance at the December 13, 2022 hearing, the arbitrator

accepted defendant's answer and 2021 letter as a statement of defendant's position and considered that position and the evidence, or lack of evidence, submitted regarding it. Ultimately, the arbitrator concluded plaintiff had substantiated three of the five tenure charges filed against defendant and defendant had not proved his affirmative defenses. That record provides no basis to deny confirmation of the arbitration award.

On appeal, defendant contends the Chancery Division lacked jurisdiction because in March 2023 he had filed with this court a notice of appeal of the arbitrator's award. But defendant had improvidently filed that notice without leave to appeal, and we dismissed the appeal as interlocutory on June 1, 2023. Many of defendant's appellate arguments are premised on issues relating to his LAD lawsuit and assertions about that lawsuit, such as a purported failure to produce a witness or document in discovery. But that lawsuit is not this lawsuit, and the issues defendant has regarding the conduct of that lawsuit have no impact on this tenure-charge arbitration. See, e.g., Bound Brook, 228 N.J. at 17-18 (faulting an arbitrator for applying in a tenure-charge arbitration a standard applicable in a LAD case). Defendant's remaining contentions on appeal are based on arguments and evidence he could have presented but did not present in the arbitration proceedings. Accordingly, we decline to consider them

on appeal. See J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021) ("[O]ur appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available." (quoting State v. Robinson, 200 N.J. 1, 20 (2009))).

To the extent we have not expressly addressed any other arguments made by defendant, we have considered them and find they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3964-22