**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0889-24

ROBBINSVILLE EDUCATION
ASSOCIATION,

    Plaintiff-Appellant,

v.

ROBBINSVILLE TOWNSHIP
BOARD OF EDUCATION,

    Defendant-Respondent.

_____

Argued October 15, 2025 – Decided December 1, 2025

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. C-000028-24.

Sanford R. Oxfeld argued the cause for appellant (Oxfeld Cohen, PC, attorneys; Sanford R. Oxfeld, of counsel and on the brief).

Costadinos J. Georgiou argued the cause for respondent (Lenox, Socey, Formidoni, Giordano, Lang, Carrigg and Casey, LLC, attorneys; Costadinos J. Georgiou and Patrick F. Carrigg, on the brief).

PER CURIAM

Plaintiff Robbinsville Education Association appeals the October 23, 2024 Chancery Division order confirming a public-sector arbitration award in favor of defendant Robbinsville Township Board of Education. This public contract dispute arises from defendant's decision to introduce a new "block scheduling" system for the Pond Road Middle School (PRMS) for the 2022-2023 school year. Before the change, a teacher's preparation (prep) period was equivalent in length to an instructional period. Under the new block schedule, the length of an instructional period was increased significantly, but there was no corresponding increase in the length of prep time afforded to teachers. Plaintiff filed a grievance alleging that defendant violated the Collective Negotiations Agreement (CNA) when it failed to increase the prep time under the new schedule.

Following an evidentiary hearing, the Arbitrator denied plaintiff's grievance, issuing a fourteen-page written decision. The Chancery Division judge confirmed the arbitration award. After reviewing the record in light of the governing legal principles, we affirm. Although we might not have interpreted the CNA in the manner chosen by the Arbitrator, we are satisfied that his

2

interpretation is reasonably debatable, and, therefore, entitled to substantial deference.

## I.

We discern the following pertinent facts and procedural history from the record. PRMS introduced block scheduling for the 2022-2023 school year, mirroring the Robbinsville High School schedule. Previously, each instructional period was forty-two or forty-eight minutes long. Under the block schedule, instructional periods were increased to eighty-four minutes.

The current CNA is effective from July 1, 2022, to June 30, 2026. Article 5.1.3, entitled "Prep Time," states in pertinent part, "[i]n addition to a duty-free lunch period, teachers shall have the equivalent of one (1) teaching period, as designated on the school's master schedule, for daily preparation, during which they shall not be assigned other duties."

The CNA provision governing prep periods for PRMS provides:

> Pond Road School core subject teachers (Math, Social Studies, Science, English/Language Arts, Special Education/support, and World Language) shall have five (5) preparation periods per week (at least one per day); equal to a teaching period; and three (3) team planning times per week. One team planning period will be for administration meetings. Team planning periods shall be established collaboratively between teaching teams and administration during the first full week of the school year. Encore teachers (Health and

3

Physical Education, Computer, Art, Music, Technology, etc.) shall have a minimum of one (1) preparation period per day; equal to a teaching period and no more than forty (40) minutes of duty per day. Duties may be assigned for consecutive minutes or split as needed by the building administrators. Core subject teachers shall not be assigned duties for any reason other than classroom responsibilities or an emergency situation and shall be compensated (5.1.5) if lunch duty or class coverage is assigned during a preparation period.

[(Emphasis added).]

The "Extra Work/Extra Pay" provision of the CNA provides that teachers should be compensated twenty-seven dollars for a "missed prep period or [one-half] block," and fifty-four dollars for a "missed prep block."

When defendant failed to provide the middle school teachers with eighty-four minutes of preparation time, plaintiff filed a grievance, arguing that decision violated Article 5.1.3. of the CNA. The parties stipulated the following issue for arbitral determination: "[d]id the Board violate the Agreement when it did not provide teachers at the Pond Road Middle School eighty-four (84) minutes of prep time? If so, what is the remedy?"

Arbitration was conducted under the auspices of the New Jersey Public Employment Relations Commission. An evidentiary hearing was held on October 27, 2023, at which both parties examined and cross-examined

4

witnesses, submitted evidence, and presented legal arguments. Both parties filed post-hearing briefs.

On January 15, 2024, the Arbitrator issued a fourteen-page opinion and award denying the grievance and concluding that the Board did not violate the terms of the CNA. The Arbitrator found that the term "prep period" could not be "stretched and redefined to include two periods of instruction." He further found that plaintiff had "implicitly acknowledge[d] this, since its demand for relief" was consistent with the "Extra Work/Extra Pay" provision of the CNA.

The Arbitrator further reasoned that the "Extra Work/Extra Pay" provision of the CNA likens a "prep period" with a "[one-half] block" for compensation purposes, indicating that a full eighty-four-minute block is distinct from a standard prep period. While acknowledging that under prior practice, prep periods matched instruction periods in terms of length, the Arbitrator concluded that the shift to a block schedule represented a fundamental change, and once that change occurred, the relationship between prep and instructional time changed as well.

In April 2024, plaintiff filed a verified complaint and order to show cause in the Superior Court, Chancery Division, pursuant to N.J.S.A. 2A:24-7. Plaintiff asked the court to vacate the arbitration award on the ground that

A-0889-24

defendant violated the terms of the CNA. Plaintiff also asked the court to award each affected teacher twenty-seven dollars for each missed prep period. In the alternative, plaintiff asked the court to order the matter to be re-arbitrated before a different arbitrator. Defendant filed a cross-motion to confirm the arbitration award.

On October 23, 2024, the judge issued an order accompanied by a written decision confirming the arbitration award and denying plaintiff's requested relief. The judge concluded:

> Whether the Arbitrator is correct or not, the award is reasonably debatable. It is possible the Contract was intended to keep the prep periods the same as they were for the past few years: [a]pproximately forty-two minutes. It is also possible the [plaintiff] has the stronger argument that the terms of Article 5.1.3 allow an interpretation of eighty-four minutes as one teaching period. The Contract does not provide the length of the prep periods, so either interpretation could be reasonable.

This appeal follows. Plaintiff raises the following contentions for our consideration:

POINT I

ON APPEAL, THE TRIAL COURT'S INTERPRETATION OF BOTH THE CONTRACT

6

AND THE LAW IS ENTITLED TO NO SPECIAL DEFERENCES.

POINT II

THE AWARD OF THE ARBITRATOR IS NOT REASONABLY DEBATABLE.

POINT III

CLEARLY, AS THE NEWLY CREATED SCHEDULE WAS A COMPLETE SHAM, THE ARBITRATOR'S DECISION ACCEPTING THE SHAM MUST BE VACATED.

POINT IV

INTERNALLY, THE AWARD IS SO BIZARRE AND CONTRADICTORY THAT IT DOES NOT DRAW ITS ESSEN[C]E FROM THE CBA. IT MUST BE VACATED.

II.

We begin our analysis by acknowledging the limited scope of our review. Reviewing courts must "be mindful of New Jersey's 'strong preference for judicial confirmation of arbitration awards.'" Sanjuan v. Sch. Dist. of W. New York, Hudson Cnty., 256 N.J. 369, 381 (2024) (quoting Middletown Twp. PBA Loc. 124 v. Township of Middletown, 193 N.J. 1, 10 (2007)). "To foster finality and 'secure arbitration's speedy and inexpensive nature,' reviewing courts must give arbitration awards 'considerable deference.'" Borough of Carteret v. Firefighters Mut. Benevolent Ass'n, Loc. 67, 247 N.J. 202, 211 (2021) (quoting

7

Borough of E. Rutherford v. E. Rutherford PBA Loc. 275, 213 N.J. 190, 201 (2013)). A public sector arbitration award "is not to be cast aside lightly" and may only be vacated "when it has been shown that a statutory basis justifies that action." Yarborough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018) (quoting Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017)).

Pursuant to the New Jersey Arbitration Act, N.J.S.A. 2A:24-1 to -11, a judge may vacate an arbitration award of a collective bargaining agreement only:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;
>
> d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
>
> [N.J.S.A. 2A:24-8.]

Relevant to this appeal, an arbitrator imperfectly executes their powers within the meaning of the statute when they "ignore, disregard, and overlook the

A-0889-24

terms and conditions of [the] agreement." PBA Loc. 160 v. Twp. of N. Brunswick, 272 N.J. Super. 467, 476 (App. Div. 1994). Furthermore, "when a court reviews an arbitration award, it does so mindful of the fact that the arbitrator's interpretation of the contract controls." Borough of E. Rutherford, 213 N.J. at 201; see also N.J. Transit Bus Operations, Inc. v. Amalgamated Transit Union, 187 N.J. 546, 548 (2006) ("A deferential standard of review applies to an arbitrator's interpretation of a contract.").

"So long as the arbitrator's interpretation of the contractual language is 'reasonably debatable,' a reviewing court is duty-bound to enforce it." Ibid. (quoting Kearny PBA Local # 21 v. Town of Kearny, 81 N.J. 208, 221 (1979)); see also Policemen's Benev. Ass'n, Local No. 11 v. City of Trenton, 205 N.J. 422, 429 (2011) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010)) ("'[A]n arbitrator's award will be confirmed so long as the award is reasonably debatable.'"); Borough of Carteret, 247 N.J. 202, 211 (2021) (reiterating the "reasonably debatable" standard applicable to public sector disputes). An award cannot be characterized as reasonably debatable when "[t]he arbitrator's determination on its face constituted a manifest disregard of the contractual terms, thereby leading to an unjust result."

A-0889-24

PBA Loc. 160, 272 N.J. Super. at 476 (citing Perini, 129 N.J. at 496) (emphasis added).

III.

Applying these principles to the matter before us, the record shows the Arbitrator did not "manifestly disregard" the plain language in the contract but rather interpreted that language after considering the arguments of the parties. Specifically, the Arbitrator found the contract language principally relied upon by plaintiff—teachers "shall have five (5) preparation periods per week (at least one per day); equal to a teaching period"—was ambiguous. The Arbitrator emphasized that the CNA did not expressly specify the length of a prep period. With respect to plaintiff's equivalency argument, the Arbitrator chose to interpret the "equal to a teaching period" language in pari materia with language in the "Extra Work/Extra Pay" section of the CNA. The Arbitrator concluded from that analysis there is "no equivalency between 'a [b]lock' ([two] periods) of instructional time and 'a prep period.'"

While it might have been better if the Arbitrator had focused solely on the brief but unequivocal "equal to a teaching period" language in Article 5.1.3, our Supreme Court has made clear that "an arbitrator may 'weav[e] together' all those provisions [in a contract] that bear on the relevant question in coming to

a final conclusion . . . even if the arbitrator's decision appears to conflict with the direct language of one clause of an agreement, so long as the contract, as a whole, supports the arbitrator's interpretation, the award will be upheld." PBA Local 11, 205 N.J. at 430 (quoting N.J. Transit Bus Operations, Inc., 187 N.J. at 555).

In sum, we must adhere to the firm principle that "[t]he interpretation of a labor agreement 'is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him [or her]' based solely on differences of interpretation." Borough of Carteret, 247 N.J. at 211 (quoting Borough of E. Rutherford, 213 N.J. at 202). Applying that principle, we find no fault in the Chancery judge's determination that while "it is possible [that plaintiff] has the stronger argument," the Arbitrator's decision was reasonably debatable because the "[c]ontract does not provide the length of the prep periods, so either interpretation could be reasonable" and "[r]easonable minds may disagree on which party should prevail, which meets the reasonably debatable standard." As our Supreme Court stressed in Borough of Carteret, "if two or more interpretations of a labor agreement could be plausibly argued, the outcome is at least reasonably debatable." Id. at 212 (citing

11

Borough of E. Rutherford, 213 N.J. at 206). The Court added, "[a]s our precedent indicates, affirming an arbitrator's award is not a comment on the viability of opposing interpretations of a disputed labor agreement, '[n]or is it a conclusion that the arbitrator's interpretation is the best one. That is not the standard. What is required is that the arbitrator's interpretation finds support in the Agreement.'" Id. at 214-15 (quoting PBA Local 11, 205 N.J. at 432).

IV.

We are also unpersuaded by plaintiff's assertion that defendant acted in bad faith by withdrawing both its block schedule proposal and the initial PRMS schedule and replacing that schedule with a color-coded version that allegedly concealed the block format. As we have noted, the Arbitrator conducted a full evidentiary hearing during which both parties had the opportunity to examine and cross-examine witnesses. The Arbitrator considered and rejected plaintiff's contention that defendant improperly withdrew its block schedule proposal during negotiations. We defer to the Arbitrator's credibility determinations. See N.J. Transit Bus Operations, Inc, 187 N.J. at 554 (finding that a reviewing court may not substitute its judgment for that of the arbitrator); see also Borough of E. Rutherford, 213 N.J. at 201-02 ("[A]rbitration awards are given a wide berth, with limited bases for a court's interference."). We add that N.J.S.A. 2A:24-8

12

contemplates wrongdoing on the part of the arbitrator, not the parties. Thus, plaintiff's argument that the schedule defendant presented was a "sham" does not justify vacating the arbitral decision.

To the extent we have not specifically addressed them, any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0889-24