**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2600-24

NIRAM, INC.,

     Plaintiff-Respondent,

v.

SALVI STEEL FABRICATORS,
LLC,

     Defendant-Appellant.

_____

Submitted March 4, 2026 – Decided March 19, 2026

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0425-25.

Kelly Law, PC, attorneys for appellant (Charles P. Kelly, IV, of counsel; Bradley Latino, of counsel and on the briefs).

Raymond G. Chow, attorney for respondent.

PER CURIAM

Plaintiff Niram, Inc. (Niram) and defendant Salvi Steel Fabricators, LLC (Salvi) agreed to resolve their construction subcontract dispute through the entry of a "standard" arbitration award containing only the arbitrator's conclusion, rather than a "reasoned award" explaining the basis or method for calculating the award. Salvi appeals from an April 4, 2025 Law Division order confirming the arbitration award in favor of Niram and denying Salvi's cross-motion to modify or vacate the award. Under our highly deferential standard of review of arbitration awards, we affirm.

I.

In June 2021, Niram subcontracted with Salvi for the fabrication and installation of structural steel on the Javits Lecture Center rehabilitation project at SUNY Stony Brook (Javits Project) for a total contract price of $577,000 (the subcontract). Sections 6.3.1 and 6.3.7 of the subcontract required that any contractual disputes be resolved under New York law through binding arbitration conducted by the American Arbitration Association (AAA) in New Jersey.

Sections 3.4.1 and 7.2.1 of the subcontract set forth available damages in the event of Salvi's breach and Niram's termination of the subcontract. Niram could terminate the subcontract under section 3.4.1 if Salvi failed to promptly

complete the work or provide sufficient skilled laborers and quality materials. In that event, after providing Salvi with five days' written notice, Niram could have the work performed by other subcontractors and recover the costs of completion from Salvi. Section 3.4.1 further specified:

> [I]f the unpaid balance of the amount to be paid under this subcontract shall exceed the reasonable expense incurred by [Niram] in finishing the Work, such excess shall be paid by [Niram] to [Salvi], but if such expense shall exceed the unpaid balance, [Salvi] shall pay the difference to [Niram].

Niram could also terminate the subcontract under section 7.2.1 after ten days' written notice if Salvi failed to complete the work pursuant to the subcontract and did not cure its breach. In that event, Niram could have the work performed "by whatever means [it] may deem expedient" under section 7.2.1. Section 7.2.1 provided the same method for calculating damages as section 3.4.1.

On May 1, 2023, Niram terminated the subcontract and suspended further payments based on Salvi's failure to supply sufficient properly skilled laborers and quality materials to complete the Javits Project within the agreed-to construction schedule. After providing Salvi with the requisite notice and opportunity to cure its breach, Niram invoked its right under section 7.2.1 to

3

complete the work and later recover the costs from Salvi. Niram had paid Salvi $255,594.98 at the time it terminated the subcontract.

On February 2, 2024, Niram filed a demand for arbitration with the AAA, which included a claim against Salvi under the subcontract.[1] Niram's arbitration demand asserted its damages caused by Salvi's breach of the subcontract were $82,507.03. Salvi filed an answer denying it had breached the subcontract and counterclaiming for "an outstanding $372,405.10 for its work on the Javits Project."

Rather than a "reasoned award" that would explain the arbitration award's basis and calculation, the parties agreed to a "standard award," that would contain only the arbitrator's conclusion. Over the course of a six-day arbitration proceeding, the parties submitted numerous exhibits, several witnesses testified, and arguments were presented by counsel. There is no verbatim record of the proceedings.

After the hearings, the parties submitted their respective damage summaries. Niram asserted its damages for breach of the subcontract were $110,838.23, including the cost of completing the work after Salvi's breach and

---

[1] The demand for AAA arbitration also included a claim under a separate contract with Salvi that is not the subject of this appeal.

credit to Salvi for the unpaid balance of the subcontract. Salvi claimed Niram owed it a balance of $301,546.44 on the original subcontract plus $151,216.81 in unpaid change orders.

On January 4, 2025, the arbitrator awarded Niram $435,369 for Salvi's breach of the subcontract. The award stated in pertinent part as follows:

> On the Stony Brook Javits Learning Center Project:
>
> 1. [Niram] is awarded $435,369.00 (FOUR HUNDRED THIRTY-FIVE THOUSAND THREE HUNDRED SIXTY-NINE DOLLARS) for back charges and costs to complete.
>
> 2. The amount of the lien filed by New York Steel Erectors on the Stony Brook Javits Learning Center Project was not properly before the Arbitrator in this matter.
>
> 3. [Salvi] is not entitled to any amount (ZERO DOLLARS) since the payments by and credits due to [Niram] exceed the subcontract amount. . .
>
> Neither party is awarded interest or attorney fees.
>
> The administrative fees of the American Arbitration Association totaling $20,575.00, and the compensation and expenses of the arbitrator totaling $17,737.46 shall be borne as incurred.
>
> The above sums are to be paid on or before thirty days from the date of this Award.

A-2600-24

> This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

Salvi then requested the arbitrator modify the award, arguing it conflicted with the subcontract and the award's "own logic," because the "credits due to Niram [did] not exceed the subcontract amount." The arbitrator denied Salvi's request and reaffirmed the award, finding "there [were] no appropriate grounds to modify [the] award."

Niram then filed a Law Division complaint and motion to confirm the arbitration award. Salvi filed an answer and cross-moved to vacate or, alternatively, to modify the award, arguing the arbitrator had acted outside his authority under the subcontract.

In an oral opinion and accompanying order, the judge granted Niram's motion to confirm the arbitration award and denied Salvi's cross-motion to vacate or modify the award, finding the award was within the arbitrator's authority under the subcontract and the issue of Salvi's entitlement to a credit for the unpaid subcontract balance had been arbitrated. The judge considered each statutorily permissible basis for vacating or modifying an arbitration award and concluded none applied. The judge found the arbitrator's award could not be modified without disturbing the arbitrator's findings, which were not apparent

6

from the "standard award" itself, and noted "some of the issues. . . are really a product of the fact that the parties had elected the short form decision. Perhaps had there been the longer form version . . . it may have clarified . . . how [the arbitrator] reached those numbers."

On appeal, Salvi argues the judge erred in confirming the arbitration award without modification and finding the issue of its right to a credit for the balance of the subcontract had been arbitrated; the arbitrator exceeded the scope of his power by disregarding the subcontract's terms; the arbitrator erred by effectively granting Niram punitive damages; and that the arbitration award could be modified without affecting its merits.

## II.

### A.

"In New Jersey, arbitration . . . is a favored means of dispute resolution." Minkowitz v. Israeli, 433 N.J. Super. 111, 131 (App. Div. 2013) (quoting Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006)). "It is well-settled that New Jersey's strong public policy favors settlement of disputes through arbitration." Ibid. "Arbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, meant to be a substitute for and not a springboard

7

for litigation." Fawzy v. Fawzy, 199 N.J. 456, 468 (2009) (quoting Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 187 (1981)).

Appellate review of a trial court's confirmation of an arbitration award is narrow. See Fawzy 199 N.J. at 470. "Basically, arbitration awards may be vacated only for fraud, corruption, or similar wrongdoing on the part of the arbitrators. [They] can be corrected or modified only for very specifically defined mistakes . . . ." Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994) (alteration in original) (quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 548 (1992) (Wilentz, C.J., concurring)).

To ensure arbitration provides finality, "strict constraints on appellate review," Rappaport v. Pasternak, 260 N.J. 230, 248 (2025), limit the grounds for vacating awards to those expressly provided for by the New Jersey Arbitration Act (Act), N.J.S.A. 2A:23B-1 to -36, particularly N.J.S.A. 2A:23B-28. See Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017). "An award may not be vacated or modified simply because a court disagrees with the arbitrator's interpretation of the law or view of the facts; unless the statutes' specific requirements for vacating or modifying an award are met, the award must be confirmed." Rappaport, 260 N.J. at 250-51 (citing N.J.S.A. 2A:23B-22). "[B]ecause of the strong judicial presumption in favor of the validity of an

arbitral award, the party seeking to vacate it bears a heavy burden." Del Piano

v. Merrill Lynch, Pierce, Fenner & Smith Inc., 372 N.J. Super. 503, 510 (App.

Div. 2004).

The Act mandates that an arbitration award be vacated under the following

grounds:

> [T]he [trial] court shall vacate an award made in the arbitration proceeding if:
>
> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;
>
> (4) an arbitrator exceeded the arbitrator's powers;
>
> (5) there was no agreement to arbitrate . . . or
>
> (6) the arbitration was conducted without proper notice of the initiation of an arbitration . . . .
>
> [N.J.S.A. 2A:23B-23(a).]

The Act similarly constrains a trial court's ability to modify an award, strictly limiting those circumstances to where:

> (1) there was an evident mathematical miscalculation or an evident mistake in the description of a person, thing, or property referred to in the award;
>
> (2) the arbitrator made an award on a claim not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted; or
>
> (3) the award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.
>
> [N.J.S.A. 2A:23B-24(a).]

The Act also limits appellate rights to the following:

> (1) an order denying a summary action to compel arbitration;
>
> (2) an order granting a summary action to stay arbitration;
>
> (3) an order confirming or denying confirmation of an award;
>
> (4) an order modifying or correcting an award;
>
> (5) an order vacating an award without directing a rehearing; or
>
> (6) a final judgment entered pursuant to this act.
>
> [N.J.S.A. 2A:23B-28.]

A-2600-24

B.

We first address Niram's threshold argument that Salvi's appeal of the denial of its cross-motion to vacate or modify the arbitration award is not statutorily authorized. Because an order denying a motion to vacate or modify is not among the enumerated bases for appeal in N.J.S.A. 2A:23B-28, Niram argues the Legislature did not intend to provide for appellate review of the judge's order denying its cross-motion and, therefore, Salvi's appeal should be dismissed. However, Salvi's arguments that its cross-motion was improperly denied are intertwined with those alleging the judge erred in confirming the arbitration award. Thus, Salvi's appeal is cognizable under N.J.S.A. 2A:23B-28(a)(3) and prevailing decisional law. See, e.g., Rappaport, 260 N.J. at 243 (deciding appeal of a trial court order denying a modification motion and confirming the arbitration award).

C.

Given the "extraordinarily deferential standard of review," Rappaport, 260 N.J. at 250, applied to the confirmation of an arbitration award, we affirm the judge's order because Salvi failed to demonstrate there was a statutory basis for relief under either the Act or decisional law.

11

Salvi's argument that the arbitrator exceeded his authority by overlooking the remedy provisions in the subcontract is unavailing. Salvi maintains that, because the subcontract's remedy provisions could not conceivably be applied to yield the awarded amount, the arbitrator must have "created and applied a unique rule to negate" the contractual provisions.

The record does not support Salvi's contention that the arbitrator disregarded the remedy provisions in the subcontract. On the contrary, the arbitrator stated "[Salvi] [was] not entitled to any amount . . . since the payments by and credits due to [Niram] exceed[ed] the subcontract amount"—evidencing that he considered the available remedies under the subcontract. There is no language in the award demonstrating the arbitrator disregarded the subcontract or erroneously awarded punitive damages. We decline to speculate as to the arbitrator's rationale where the parties agreed to a "standard award" in which the arbitrator did not need to explain his reasons.

Salvi asserts that the arbitration award could not have included its claim for the unpaid contract balance under section 7.2.1 because it only sought "the actual value of the work performed, as adjusted by change orders" through its counterclaim. Salvi asserts that at the time it filed the counterclaim, the subcontract had not been rightfully terminated and, thus, the remedies under

section 7.2.1 were inapplicable. However, Salvi expressly placed its right to the unpaid contract balance before the arbitrator by seeking damages for "an outstanding $372,405.10 for its work on the Javits Project." When the arbitrator determined Salvi was "not entitled to any amount," he decided Salvi's counterclaim—inclusive of Salvi's demand for the contract balance.

The plain language of the subcontract, coupled with Niram's claims and Salvi's counterclaim, demonstrated Salvi had reasonable notice that its claim for the unpaid contract balance was presented to the arbitrator. Block v. Plosia, 390 N.J. Super. 543, 555 (App. Div. 2007) (stating the scope of an arbitration clause, even when broadly worded, extends only to those claims for which the opposing party is given reasonable notice). The scope of arbitration mandated by the subcontract extended to "any claim" thereunder. Niram's claims for the cost of completing Salvi's work, under both section 7.2.1 and 3.4.1, were rooted in the subcontract and were therefore within the broadly worded arbitration clause.

Salvi failed to evidence that modification of the award would not "affect the merits of the controversy," a necessary precondition for relief under N.J.S.A. 2A:23B-24(a)(2). Tretina, 135 N.J. at 250. We cannot conclude the "merits of the controversy," including the arbitrator's determination of the parties' respective contractual damages as a result of Salvi's breach and Niram's

13

termination of the subcontract, would not be affected by modification. This is especially so where, as here, the arbitrator's findings of fact and conclusions of law on the merits of the parties' positions are unknown because the parties agreed to entry of a "standard award" that would not express the arbitrator's reasoning.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14

A-2600-24